25-1005 Sweeney v. University of Colorado Hospital Authority Good morning, your honors David Sheck Snyder, I represent the plaintiff appellants in this case in both Sweeney and Timken May it please the court This is a 1983 case brought by state health care workers against UCHA and a key fact to remember And where all of this stems from is that the drugs that were available for compliance With the part 12 rules at all times were unlicensed emergency use authorization PrEP act immunized drugs that were exclusively available through a federal program the CDC COVID-19 vaccination program These were federally owned drugs not licensed drugs The only way to get them was through the CDC program So the CDC program Incorporated the emergency use authorization statute it incorporated the PrEP act Obviously it incorporates the Constitution So my clients had rights under the Constitution bodily autonomy The way we try to frame it is that they have a fundamental right to refuse investigational drugs Because the drugs that are emergency use authorized by definition must not be licensed If they were licensed there would be no need for an emergency use. How do you distinguish Jacobson? Jacobson does not apply for many reasons First of all in Jacobson in 1905, there was no emergency use authorization statute Well, neither was there any licensing for vaccines because the Food and Drugs Act Wasn't going to be adopted for another year And so in Jacobson when the Supreme Court said that you don't have any constitutional right to You know to decline to be vaccinated. There was no Arguable distinction based on whether or not it was approved or disapproved as emergency use authorization or whether it was approved by the CDC What you have in Jacobson is a smallpox vaccine that was approved That was the one that was that was approved by the state of Massachusetts for dissemination to its population Smallpox was killing one out of seven people who who contracted it The smallpox vaccine was very effective what we have in this case is a COVID-19 that had 99.95% recovery rate survival rate and what you have what was introduced to try to I guess help the people that in the 0.5 is an unlicensed drug Emergency use authorized that did not prevent transmission or infection That's the difference. That's a that's a main difference All right, so the difference is twofold one is it was licensed by Massachusetts not by the FDA here We don't have approval by the FDA We have some different approval called emergency use authorization. So there's some legal distinction and then secondly You're just saying the smallpox vaccine was more effective than the COVID vaccine Well, it definitely was and so that's a legal distinction based on Jacobson I mean how and that's and that's relevant because when you get into the the Constitution analysis and whether you even use we don't think it's rational basis We think it's strict scrutiny bodily autonomy and you must have a compelling state interest, but even assuming rational basis, is it rational? To require the use of a drug that does not prevent transmission or infection in order to prevent transmission or infection That's not logical and it's not rational. So so well, there's there's a little bit of 2020 hindsight Going on here too Because you know a lot of these emergency measures were taken During the height of the pandemic the fog of war and you might well be right that a lot of the representations about effectiveness were Overblown or or wrong, but wasn't the employer here making this decision at a time when? there really wasn't Undisputed or It wasn't widely believed that the position you're advocating was was correct necessarily No, your honor the deadline to comply with the part 12 rules and the the UCH a mandate was October 1st on August 5th 2021 right the CDC came out and admitted these shots do not prevent transmission or infection on September 1st of 2021 it was so bad that the CDC Changed the definition of vaccine It changed it from a substance that's introduced into the body that proved that that creates immunity to his disease To a substance that promotes an immune response That could be anything. I get an immune response from pine dust. I don't think anybody's going to say that's a vaccine But to change the definition Before the deadline it was well known the CDC knew that there were problems there And we have evidence of this and that's enough. This is on a 12b6 motion We're not even getting to the point where we can prove our case So if you accept all of the allegations as true Then we know that's unlicensed drugs. We're not we know they're emergency use authorized those statutes preempt any Ability by a state these part 12 rules to set conditions on the use of the drugs on your substitute due process Claim you still have to overcome Jacobson and Is there is there a case that you would rely on for your substantive due process Theory that basically post states Jacobson that we could rely on to Accept your theory. The only case that came up between Jacobson and now was the Doe versus Rumsfeld case With it was it was the anthrax using the an investigative anthrax vaccine for the military and So these these duties are aligned the the statute that governs the military and the EU a statute in the prep act They are they are aligned in that The potential recipient must have the ability to refuse without penalty And that's the problem here. Is that right was not respected Under the emergency use authorization statute. It specifically states in this in the statute that the secretary sets the conditions and one of those conditions is that every Individual it uses the word Individual is informed of their option to accept or refuse the drug and the consequences of doing so And they should be warned of advice of exactly of the consequences of doing so Which and if you look again the evidence that we can present shows that the only Consequences that were contemplated were of a medical nature It's on the it's on the fact sheet that is given to the potential recipient before they decide and there's a question at the bottom It says what happens if I don't want to take it and the consequences that are listed on the fact sheet are This will not alter your medical standard of care So there is no advance notice in Jacobson Everyone knew if they didn't take the shot They would be fined five dollars, which is about a hundred and fifty dollars today Nowhere in the EUA statute or in any of the EUA letters that were that were issued by the secretary Is there any notice to any potential recipient that they could lose their jobs? That they could lose benefits that they could lose anything. So isn't that rule 101 on in imposing a penalty on On someone there has to be advance notice. There was none and there is none. The only consequence was It won't affect your standard of care your medical standard of care. That was the consequence Can I ask you a question of predicate fact and that being the date it stopped being an EUA And became an approved drug Certainly your opponents in this litigation say that that occurred on August 23rd 2021 and it's my understanding and please correct me if I'm wrong That some courts have taken judicial notice of that fact. Is that correct? That is correct that we disagree with that and what I would what I would hone in on you said it became approved It is not one it there are two products Pfizer-BioNTech vaccine with a capital V and Comirnaty The CDC says these two FDA says these two drugs are legally distinct They may be medically interchangeable, but they are legally distinct and on August 23rd 2021 when Comirnaty was issued its license One it was not available not manufactured it wasn't even manufactured until 2023 That's why and it's admitted in the EUA letters on August 23rd 2021 Pfizer-BioNTech vaccine was reissued its emergency use authorization So are you distinguishing those cases or are you saying that they were decided incorrect? They were decided incorrect And if we took a different view and thought they were decided correctly Where would that leave the arguments that you're making today? That we would have to go to the Supreme Court and ask them to review that Would that be the end of your arguments and you'd need to win on that in the Supreme Court? Is that what you're saying? Well, no, well If you're saying you're going to take see we think that's a breach of the separation of powers Between the legislative branch and the judicial branch because the legislative branch was the one that said, okay The secretary is the one that sets these conditions and the secretary is the one that determined we're going to issue a license To one drug that's not even manufactured yet and an EUA reissue it so if they reissue the EUA that is an Admission that there is no licensed drug because the EUA statute specifically states You can't issue an emergency use authorization if there is a licensed drug that's available to treat diagnose or prevent that disease So the very the very fact that they issued an EUA again on August 23rd to Pfizer BioNTech vaccine Means Comirnaty was not available so and And there is no evidence and we have evidence that Pfizer admitted to the FDA they will not Manufacture the drug codes that were assigned to Pfizer BioNTech vaccine But again, we haven't even been allowed to get there because our allegations are not being accepted as true for purposes One more general question and that is there's been a lot of litigation and you've been behind a bunch of it Have you had any successes any cases you can point to or a court has ruled in your favor on these arguments? We have a case in In Los Angeles that is going forward on the constitutional issues of Deprivation of the constitutional right to refuse the drugs So there is one that is going into discovery and that and that's that's one where where state action is not involved Just like this one in Sweeney meaning that the court denied the motion to dismiss or summary judgment meaning it was actually that the defendant did not move to dismiss the constitutional grounds because they're they're a They're a governmental entity just like in this case I See, I have two minutes. I'd like to reserve two minutes for rebuttal if I may Good morning before I begin the appellees plan to divide up their time with ten minutes by me and five by my colleague miss Davidson May it please the court Christopher Jackson on behalf of the UCH a defendants The claims that the plaintiffs are bringing here have been rejected by every single circuit court that has considered them including the first second third fourth fifth sixth And ninth circuits and for good reason this case is only about whether And an employer can institute a vaccine mandate in the midst of a global pandemic to prevent not just its employees But its patient population and to protect them a highly vulnerable group in addition to that the plaintiffs have waived nearly every argument they make on appeal and in fact They made a number of new arguments that has not appeared either in the district court or in this court until today Still I'd like to talk on a talk about a couple of key issues The first being the plaintiff's first cause of action, which is legally informed consent Now to pursue a claim under section 1983 the plaintiff has to identify not just a violation of federal law in the abstract but of a particular right of an individual federal right and In Medina versus Planned Parenthood and in the Tlaib ski case the Supreme Court set the burden very high It can only be met It's a demanding bar that can only be met in a typical cases I want to quickly walk through a couple of the authorities on which the plaintiffs rely The first is the EUA statute that statute does involve emergency use authorizations but the only duty that it imposes is on the Secretary of Health and Human Services and not on entities like UCHA that happen to adopt a vaccine policy and in fact a number of courts have held as much including the third ninth and the Federal Circuit in an unpublished decision Second of all the duty whoever it runs to only requires Recipients of the vaccine to be informed of their option to refuse the vaccine if they choose So the language the statute uses is quote individuals to whom the product is administered in this case The plaintiffs indisputably did not receive a vaccine and they didn't even come close This isn't a case where they were lining up to get the vaccine and were not given the fact sheet that they were allegedly entitled They disclaimed any any interest in taking a vaccine at all. Can I ask you about the first of the two arguments? That it obligates the Secretary of HHS to act rather than an individual, right? In substance though, isn't it in effect exactly the same thing? In other words if the statute says Secretary of HHS you have to adopt a regulation that Informs every recipient of a vaccine that they can decline to take that vaccine without penalty and So that's true Congress hasn't directly Operated to benefit me but that is the import of it because then the Secretary of HHS is presumably going to comply with The statute adopt a regulation that will in effect Entitled me to decline a vaccine. So why doesn't that aspect of it at least create an individual right? recognizable under 1983 So you know that would be because of the test of Tlaib ski in Medina And I think that's precisely the distinction that the Supreme Court was trying to make there are times where federal law imposes a federal Interest or some kind of a protection against an individual, but it doesn't create a federal right That's a high bar because you know Congress, of course could choose to just say there hereby is an individual right enforceable under 1983 We're in the situation where Congress did not expressly speak And so the Supreme Court has said we're really only going to read an individual right in if it's very clear That's what Congress intended and I think the language here that Judge Bacharach you're pointing to Again is exactly that distinction it imposes the duty on the secretary that provides benefits to individuals but it doesn't speak in terms of conferring a right on the individual a Couple of other points on the EU a statute before I move on I'd also note to that the statute unambiguously precludes private enforcement Because it requires all claims that are brought under the FDCA to be brought Quote by and in the name of the United States and I think this gets to my point just a moment ago That if under Medina the US Supreme Court has said you've really got to have a very unusual case where it's very clear Congress intended to create a 1983 enforceable, right? Well in this case Congress has said the opposite It said no There is no individual right to come into court on a civil claim All claims have to be brought in and by the name of the United States The final point I want to make on the EU a statute again I think this gets to judge Bacharach's question of my colleague on the other side is about the fact that the EU a statute refers To the consequences if any that an individual receiving the vaccine must be informed of before receiving The vaccine itself that demonstrates that there are in fact consequences that may result from refusing to take a vaccine Now the plaintiffs have made the point that maybe the consequences only really refer to the health consequences rather than employment That's a fair reading that that may be the most reasonable reading but that's fatal to the plaintiff's case Because if it's true that the EU a is referenced to the consequences That are at issue if that's limited to essentially the vaccine provider Sorry the vaccine provider patient relationship Then the protections that the EU a provides are also limited to the vaccine provider patient relationship In other words the plaintiff wants to say the EU a broadly confers all kinds of rights against the world not just vaccine providers But you know employers who want to impose restrictions on their employees But then when that same statute talks about the consequences if any the plaintiffs want to read it to say Oh the consequences only refers to health consequences and our point is you can't have it both ways either it protects everything against the world in which case there are consequences or it only protects the Relationship between the vaccine provider and the patient in which case there's no protections at all for the plaintiffs to rely on The other statute I want to talk about is 10 USC 980 This is the one about funds appropriated to the Department of Defense and on this I think ideally I can go a bit quicker The district court was right to say that section 980 also does not have the same kind of rights creating language that Tletsky and Medina require I'd only note that this court in Chemical Weapons Working Group versus US Department of the Army held that the legislation containing section 980 provides no private right of action and In any event the plaintiffs didn't allege anything suggesting that the kovat vaccines were medical experiments This certainly wasn't a human trial There was no institutional review board or certification or anything like that as the plaintiffs alleged in their complaint This was brought the vaccines were created under the EUA. It was an emergency use authorization not human research The remaining authorities on which the plaintiffs rely they're all insufficient because they aren't statutes. They are rules They are regulations or non self-executing treaties and again under Medina The the plaintiffs must point to statutory language that indisputably confers a federal right and they simply can't do that The other issue I wanted to turn to just based on the court's question Questioning is about the availability of the fully licensed Pfizer vaccine I think it's pronounced comernity, but I may be getting that wrong so I think the plaintiffs were correct in conceding the fact that if a Fully licensed FDA vaccine were available before the vaccine mandate deadline occurred Then that is fatal to their case. And in fact, that is exactly what happened The court had asked whether any other courts have taken judicial notice of this fact and they have So at least three courts we know of have taken judicial notice of the fact that the Pfizer vaccine is fully licensed That's the Second Circuit the Western District of Washington and the District of New Mexico and then two other courts Have noted the fact that it's the same drug that the EUA authorized Pfizer drug is the same as comernity And that is the Johnson versus Brown case from the District of Oregon and Brock from the Western District of Washington and I would note too that to the extent the Plaintiffs have argued today that there is some distinction between comernity and the EUA authorized Pfizer drug a couple of points on that First this is the first we've heard of it. It wasn't in the complaint It wasn't in the briefing before the district court and it wasn't in any of the briefing before this court And second of all, even if you take some of these allegations at face value There's nothing that the plaintiffs are pointing to that make them chemically or pharmacologically different The fact that they were packaged differently or that they have some different legal Status, you know, particularly because they were fully authorized or fully licensed That doesn't change the fact that it is a fully licensed drug or vaccine and that it accomplishes the same sorts of things that would be expected The last point I want to take with hopefully my remaining minute is well Before you move on but your adversary also argues that it wasn't available Right, so that argument has never as far as I know I don't have the entire record has never been raised until today And the plaintiff could have this goes to the motion to amend point the plaintiffs could have tried to amend the complaint and said You know now that we've reviewed the motion to dismiss briefing. We see you're talking about comernity Let us add new allegations to say maybe it was legally available. We couldn't get it They chose not to do that and for the reasons in our brief as well Once the district court entered final judgment It's much more difficult to try to get a motion to amend and the plaintiff certainly I mean even even in their motion to amend They don't make these arguments So the other argument alternate in the alternative I'm sorry Make sure you give your colleague enough time Yes, and in fact with a little bit more than five minutes unless the court has other questions. I'd see the floor. Thank you May it please the court My name is Lauren Davison and I represent the individual defendants from the Colorado Department of Public Health and Environment With me at council table is Christopher Dietrich The CDPHE Defendants respectfully requests this court affirmed dismissal of plaintiffs claims for essentially the same reasons as stated by you CHA's counsel but really quickly I want to back up and To the kind of 30,000 foot view here. What is actually at issue is not whether the state mandated investigational use of drug of Use of investigational drugs. It's whether plaintiffs identified any rights that could state a section 1983 claim the answer to that question is no there is no fundamental right at issue here because Jacobson controls and CDPHE's vaccine regulation satisfies rational basis review None of the statutes regulations or other documents plaintiffs rely on create rights enforceable through section 1983 Additionally the individual defendants are entitled to qualified immunity as to all of the section 1983 claims Before I discuss qualified immunity. I wanted to make a couple of points Jacobson absolutely controls here. Jacobson did not turn on the licensed status legal or any kind of legal definition of the smallpox vaccine all that mattered in Jacobson was that Whether the state could reasonably believe that the vaccination under common scientific belief was effective to protect the public health That applies here even accepting that these were investigational drugs and the Cobernati vaccine was not available at the time At issue here the EUA authorization itself that statute requires that there must be based on all the scientific evidence available a Reasonable belief that the drug that they're wanting to authorize will help prevent the disease at issue that by itself meets Jacobson's requirements You know the substantive due process doctrine is kind of rests on shaky Foundations and Jacobson predates a lot of the more modern cases and as I read the cases most of them boil down to whether the Government action shocks the conscience Shocks the judicial conscience and the argument here. I mean there is a recognition of this right to bodily and integrity of the right if the right test is shocks the conscience Have they plausibly alleged? That I think his theory would be well you're making making people take an experimental drug that may or may not work as advertised and in retrospect a lot of the Representations about the vaccines were Overstated doesn't that get him at least to round two for a shocks the conscience claim? No, your honor. No court has found that these sorts of regulations or mandates have shocked the conscience that's a very high standard to meet and Because of the EUA Authorization it is not without the bound outside of the bounds of all reason to require health care workers who have contact with vulnerable Patients to take a vaccine as a condition of employment Additionally, I wanted to mention quickly the EUA statute Judge Becker at your question regarding the penalty the EUA statute itself does not mention penalty It simply says to be informed of the option to accept or refuse the product only 45 CFR part 46 mentions the term penalty and that cannot be used to create a right here because regulations cannot create a federal right and then that the language of option to refuse or accept that is in the EUA statute is very similar to the any Qualified provider provision that the Medina court found to be insufficient to create an enforceable, right? That case essentially held not Explicitly, but implicitly that the statute must use the word right itself Neither the mandatory language in those statutes nor the use of the word individuals is sufficient to create a federal right That's in Medina Medina And I did want to note several courts have found that the license vaccine was available But you don't need to get there for the claims to fail Our position is that and as many courts have found the right at issue was not one to bodily integrity or unwanted medical treatment because they didn't actually receive the vaccine thus the Right has to be backed up a step to one to continued employment without receiving the COVID-19 vaccination Both the Second Circuit and so and nine separate district courts have agreed. That is the right at issue in these types of cases Two of those courts Brock versus Shriner and Roberts versus Inley Were presented with the exact same theory here brought by plaintiffs counsel and found that the right was one to continued employment Plaintiffs don't engage with this authority and instead baldly reassert that the right is one to refuse a vaccination I see my time has expired. So the individual defendants unless there's any questions would request affirmance the counsel. Thank you Mr. Schecht signer you have some rebuttal Your honor's we're not saying that the EU a statute or that all employers Can can or bond by the EU a statute? It's the fact that these employers signed the provider agreement and agreed to be part of this this program Agreed to be bound by the EU a statute They agreed they are preempted By these the language in these statutes from issuing these part 12 rules Because they conflict with the federal statutes So under a supremacy clause or by the by the express provisions of the prep act Saying that any provision that conflicts with these anything in this chapter is preempted So the part 12 rules are preempted, but how do you how do you get by the individualized right? Requirement that they express it is there Medina was was was looking at the Medicaid statute and there is no Agree with that. It was decided correctly. So Levski also was decided correctly because it had that rights Providing language, but so does the EU a statute it speaks specifically of I mean, what what is it other than a right when you say? Okay, you must be informed you the individual used in this in the statute have the option To accept or refuse. There's only two things to do Accept or refuse are they saying that that option is not a right the option is a right Well, they're saying that that obligation falls on the secretary and it can only be prosecuted on behalf of the United States See what they're talking about is enforcement actions Enforcement actions under under section 331 if you look at that you have to go to section 337 to look at all the violations. This is not an enforcement action This is a 1983 action for a conferred right to individuals a right to accept or refuse an Option to accept or refuse. There's no difference between those two phrases. So Our clients have the ability to pursue in 1983 claim not an enforcement action that the secretary would have to do this is an individual right if You were saying that then then no one could can enforce the nursing home statute in Tleski It wasn't an enforcement action it was a 1983 action those are distinct those are distinguishable. So, thank you. Thank you. Thank counsel counsel are excused Cases submitted and counsel are not excused, but we are going to take a 10-minute break or so